

**MEMORANDUM OPINION**

No. 04-09-00316-CV

Jesse K. **PRATHER**,
Appellant

v.

Christina M. **CRAIN**, Chairman, Texas Board of Criminal Justice; Brad Livingston, Executive Director, Texas Board of Criminal Justice; Dennis Fenner, Unit Grievance Investigator, John B. Connally Unit; Ms. Nunez, Property Officer; and Franchesca Jordan, Correctional Officer, Texas Department of Criminal Justice–Institutional Division, Tennessee Colony, George Beto I Unit, Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 08-03-00042-CVK
Honorable Bert Richardson, Judge Presiding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed: October 21, 2009

DISMISSED FOR LACK OF JURISDICTION

     Jessie K. Prather brought suit against Christina M. Crain, Chairman, Texas Board of Criminal

Justice; Brad Livingston, Executive Director, Texas Board of Criminal Justice; Kenneth Bright,

---

[1] Sitting by assignment.

Warden; Dennis Fenner, Unit Grievance Investigator, John B. Connally Unit; Ms. Nunez, Property Officer; Ms. Shepard, Assistant Property Officer; and Franchesca Jordan, Correctional Officer, Texas Department of Criminal Justice–Institutional Division, Tennessee Colony, George Beto I Unit ("appellees"). The clerk's record shows Prather did not obtain service upon Bright or Shepard, and neither Jordan nor Nunez, despite service, ever filed an answer. Only Crain, Livingston, and Fenner answered, and then filed a motion to dismiss. The trial court granted the motion to dismiss, and Prather filed a notice of appeal. The order granting the motion to dismiss did not dispose of Prather's claims against Jordan or Nunez, and the claims against those individuals are apparently still outstanding. No severance was ever filed.

On September 17, 2009, we issued a show cause order to Prather in which we stated it appeared from the clerk's record that not all the claims or parties in this suit had been disposed of, rendering the judgment interlocutory and unappealable. We ordered Prather to file a response showing cause why the appeal should not be dismissed for want of jurisdiction. In response, Prather filed a "Motion to Abate the Appeal, Set Aside the Judgment and Order, and Remanding [sic] with Instructions." Nothing in this motion establishes that all parties and claims have been disposed of.

In *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001), the supreme court revisited "the persistent problem of determining when a judgment rendered without a conventional trial on the merits is final for purposes of appeal." The supreme court held that a judgment issued without a conventional trial is final for purposes of appeal only if it (1) actually disposes of claims and parties before the court, regardless of its language, or (2) states with unmistakable clarity that it is a final judgment as to all claims and parties. *Id*. at 192-93. The trial court's order in this case meets neither of these requirements. Prather sued and obtained service on Crain, Livingston, Fenner, Nunez, and

Shepard. However, only Crain, Livingston, and Fenner answered and filed a motion to dismiss. And, the trial court's order disposes, by its terms, only the motion to dismiss filed by Crain, Livingston, and Fenner. The order does not state with unmistakable clarity that it is final as to all claims and parties. In fact, the order is specifically limited to the claims against Crain, Livingston, and Fenner:

> **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Motion to Dismiss of Defendants Crain, Livingston, and Fenner be and is hereby **GRANTED**.
>
> **IT IS FURTHER ORDERED ADJUDGED, AND DECREED** that Plaintiff's cause of action against Defendants Crain, Livingston, and Fenner be and is hereby **DISMISSED AS FRIVOLOUS WITH PREJUDICE** as to the refiling of same in any form.
>
> **IT IS FINALLY ORDERED, ADJUDGED, AND DECREED** that Defendants Crain, Livingston, and Fenner recover the costs of court from Plaintiff for which let execution issue, and that any relief not expressly granted between Plaintiff and Defendants Crain, Livingston, and Fenner be and is hereby **DENIED**.

Because the order does not meet the finality requirements as set forth in *Lehmann*, we hold the order is not final and dismiss the appeal. We also deny Prather's Motion to Abate the Appeal, Set Aside the Judgment and Order, and Remanding [sic] with Instructions.

PER CURIAM